UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| GARY W. TIPTON, | : | |
| | : | CASE NO. 1:20-cv-02346 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 28, Partially Addressing Doc. 29] |
| CORE CIVIC OF AMERICA, et al. | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Ohio inmate Plaintiff Gary Tipton brings a civil rights complaint against the warden of Lake Erie Correctional Institute and other facility staff.[1] Plaintiff contends that the medical treatment he received following suicide attempts in June and July 2020 violated his constitutional rights.[2]

Currently, Plaintiff seeks leave to file a third amended complaint.[3] Plaintiff also filed a motion asking the Court to appoint counsel to represent him.[4]

For the following reasons, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint. The Court **DENIES** Plaintiff's motion to appoint counsel.

---

[1] Doc. 1; Doc. 10; Doc. 21.
[2] *See* Doc. 21.
[3] Doc. 28.
[4] Doc. 29 at 4–5.

Case No. 1:20-cv-02346
Gwin, J.

First, Plaintiff requests 30 days to file a third amended complaint.[5] Federal Rule of Civil Procedure 15(a)(2) provides that after the period for amending a complaint as a matter of course has ended, the Court should still "freely give leave when justice so requires."[6]

Plaintiff seeks to amend his complaint to add both new claims and Defendants.[7] Since the initial case management conference in this case is not until August 13, 2021,[8] and recognizing Plaintiff's claimed challenges as a *pro se* litigant, the Court will permit Plaintiff to file a third amended complaint by August 2, 2021.

Second, the Court will not appoint counsel to represent Plaintiff at this time. Plaintiff contends that the legal issues in his case are complicated and that he is "being hindered" in his efforts to investigate his claims.[9]

Plaintiff does not have a constitutional right to appointed counsel in a civil case.[10] Courts have discretion to request that an attorney serve as counsel in a civil case but do so only in "exceptional circumstances."[11]

> In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. . . . This generally involves a determination of the complexity of the factual and legal issues involved.[12]

So far, Plaintiff has competently represented himself. He has produced sufficient filings and work on his case.

---

[5] Doc. 28 at 2.
[6] Fed. R. Civ. Pro. 15(a)(2).
[7] Doc. 28 at 2.
[8] *See* Doc. 27.
[9] Doc. 29 at 4.
[10] *Patmon v. Parker*, 3 Fed. Appx. 337, 339 (6th Cir. 2001); *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993).
[11] *Lavado*, 992 F.2d at 606 (quotations omitted).
[12] *Id.* (internal quotations and citations omitted).

Case No. 1:20-cv-02346
Gwin, J.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint. Plaintiff must file any amended pleadings by August 2, 2021. The Court **DENIES** Plaintiff's motion to appoint counsel.

IT IS SO ORDERED.

Dated: July 6, 2021                              *s/     James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE