UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| GARY W. TIPTON, | : | |
| | : | CASE NO. 1:20-cv-02346 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 26] |
| CORE CIVIC OF AMERICA, et al. | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Ohio inmate Plaintiff Gary Tipton brings a civil rights complaint against the warden of Lake Erie Correctional Institute and other facility staff.[1] Plaintiff contends that the medical treatment he received following June and July 2020 suicide attempts violated his constitutional rights.[2]

Plaintiff asks the Court to appoint a medical expert witness to assist him with his case.[3] Plaintiff argues that he needs the assistance of a medical expert to "properly present the medical facts in this case."

Plaintiff cites the Supreme Court's decision in *McWilliams v. Dunn* to support his argument that the Court should appoint or provide Plaintiff access to a medical expert.[4] But *McWilliams* and *Ake* address a criminal defendant's constitutional right to a

---

[1] Doc. 1; Doc. 10; Doc. 21.
[2] *See* Doc. 21.
[3] Doc. 26.
[4] *Id.* at 2 (citing *McWilliams v. Dunn*, 137 S. Ct. 1790, 1798 (2017)). In *McWilliams*, the Supreme Court held that its previous ruling in *Ake v. Oklahoma*, 470 U.S. 68 (1985) meant that Alabama had to provide the *McWilliams* Defendant with "access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *McWilliams*, 137 S. Ct. at 1798 (citing *Ake*, 470 U.S. at 83).

Case No. 1:20-cv-02346
Gwin, J.

psychiatrist's expertise. That is not Plaintiff's situation. Tipton is the *pro se* Plaintiff in this civil action against Defendants.[5]

In civil cases, Courts cannot appoint medical experts for plaintiffs. Federal Rule of Civil Procedure 706 permits a court to designate an expert witness to assist *the court*, not a party to a case.[6] "An expert appointed pursuant to Rule 706 does not serve as an advocate for either party, and each party retains the ability to call its own experts."[7]

Further, "[t]he *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants."[8]

For the foregoing reasons, **DENIES** Plaintiff's motion to appoint an expert.

IT IS SO ORDERED.

Dated: August 2, 2021         *s/ James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff also cites the Ohio Supreme Court for the standard for when "an indigent criminal defendant [must] be provided funds to obtain expert assistance at state expense." Doc. 33 at 1 (citing *State v. Mason*, 694 N.E.2d 932, 939 (Ohio 1998)). This statement of law does not apply to Defendant's situation. He is a civil plaintiff, not a criminal defendant in the current case.

[6] *Jones v. Ahmed*, No. 1:14-cv-964, 2018 WL 8495820, at *1 (S.D. Ohio Aug. 3, 2018); *Goetz v. Thompson*, No. 3:15-CV-50-GFVT, 2016 WL 347021, at *2 (E.D. Ky. Jan. 26, 2016); see also *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *Carranza v. Fraas*, 471 F. Supp. 2d 8, 9–10 (D.D.C. 2007).

[7] *Patton v. Loadhold*, 445 F. Supp. 3d 802, 803 (E.D. Cal. 2020).

[8] *Id.* (citing *Stakey v. Stander*, No. 1:09–CV–00094–BLW, 2011 WL 887563, at *3 n.1 (D. Idaho Mar. 10, 2011)).

-2-